**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Liewer and Violet R. Liewer, Husband and Wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>Bank of America, N.A., et al.,<br><br>    Defendants. | No. CV-11-8206-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Defendants' Motion to Dismiss and Plaintiffs' Motion to Amend Complaint. (Docs. 12, 19). For the reasons stated below, Defendants' motion is granted and Plaintiffs' motion is denied.

**BACKGROUND**

On November 15, 2011, Plaintiffs, proceeding *pro se*, filed a complaint in Mohave County Superior Court. (Doc. 1-1). Although the complaint was titled "Quiet Title" in its caption, it contained only one count, for Breach of Contract. (*Id.*). On December 19, 2011, Defendants removed the case to the District Court of Arizona pursuant to 28 U.S.C. § 1332 (2006). (Doc. 1). Defendants filed a motion to dismiss on January 9, 2012, and Plaintiffs responded by moving to amend the complaint. (Docs. 12, 19). Defendants responded that the Court should deny the motion to amend and dismiss the complaint because amendment would be futile. (Doc. 21). Plaintiffs did not file a timely reply to Defendants' response to the motion to amend.

**DISCUSSION**

**I.     Legal Standard**

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." When a complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief."*Iqbal*, 129 S. Ct. at 1950 (internal quotation omitted).

A plaintiff may amend a complaint once as a matter of course within 21 days of serving it. FED. R. CIV. P. 15(a)(1)(A). After 21 days, a plaintiff may only amend a complaint with the court's permission. Although the court "should freely give leave when justice so requires," leave to amend may be denied if amendment is futile. FED. R. CIV. P. 15(a)(2); *see Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("[W]e affirmed the district court's denial of a motion for leave to amend because the proffered amendments would be nothing more than an exercise in futility.").

**II.    Analysis**

As detailed in their proposed Amended Complaint, Plaintiffs borrowed $245,000 from Countrywide in exchange for a Promissory Note (the "Note") secured by a Deed of Trust (the "DOT"), which named Recontrust as trustee and MERS as the beneficiary. (Doc. 19-1, ¶¶ 3–6). At some point, Defendants received communications first from Defendant Bank of

America and later from Defendant Seterus, Inc. ("Seterus") that each was entitled to payment on the loan; Seterus wrote that it was not in possession of any agreements between Bank of America and Fannie Mae, which Seterus described as the current beneficiary. (Doc. 19-1, ¶¶ 9–14). Plaintiffs state that "no named defendant has produced written or verbal proof clarifying who is the rightful beneficiary and recipient of payments of the September 2007 deed of trust." (Doc. 19-1 ¶ 15).

Despite the prohibition set forth in LRCiv. 15.1, the Amended Complaint attempts to incorporate the Breach of Contract claim from the original complaint, which reads, in its entirety, "The parties entered into a contract for the services of a home modification, which the Defendant's has [*sic*] materially breached." (Doc. 1-1 ¶ 24). Plaintiffs do not state what terms of the Note—if the Note is indeed the contract to which this phrase refers—any Defendant breached, and do not state which Defendant breached them. It does not provide or reference any contract which requires any of the named Defendants to "produce[ ] written or verbal proof clarifying who is the rightful beneficiary and recipient of payments of the September 2007 deed of trust." (Doc. 19-1 ¶ 15). "To bring an action for the breach of the contract, the plaintiff has the burden of proving the existence of the contract, its breach and the resulting damages." *Graham v. Asbury*, 112 Ariz. 184, 185, 540 P.2d 656, 657 (1975). Even taking all of the allegations in the Amended Complaint as true, Plaintiffs have not pled any facts suggesting that a term of a contract was breached or that they were damaged thereby. Count One is dismissed.

Plaintiffs ask the Court to quiet title "as to the correct, current beneficiary under the deed of trust as alleged." (Doc. 19-1 at 3). They do not claim an interest in the property themselves, and in fact claim that Recontrust was "the undisputed trustee under the September 2007 deed of trust." (Doc. 19-1 at 3). A quiet title claim may only be brought "by any one having or claiming an interest therein, whether in or out of possession, against any person or the state when such person or the state claims an estate or interest in the real property which is adverse to the party bringing the action." Arizona Revised Statutes ("A.R.S.") § 12-1101(A). Plaintiffs have not alleged that they have an interest in the

property, have not alleged that any person is claiming an interest adverse to theirs, and have produced no theory by which they could bring suit to quiet title on behalf of a third party. The Quiet Title claim is dismissed.

Even as amended, Plaintiffs' complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Since granting leave to amend "would be nothing more than an exercise in futility," Plaintiffs' motion to amend is denied and Defendants' motion to dismiss is granted. *Bonin*, 59 F.3d at 845.

**IT IS THEREFORE ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 12) is **granted**.
2. Plaintiffs' Motion to Amend (Doc. 19) is **denied**.
3. The Clerk of Court shall **terminate this lawsuit**.

DATED this 17th day of May, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge

- 4 -